# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GUETATCHEW FIKROU,            )<br>                                                      )<br>             Plaintiff,                      )<br>       vs.                                        )<br>                                                      )<br>MONTGOMERY COUNTY OFFICE OF )<br>CHILD SUPPORT ENFORCEMENT  )<br>DIVISION, *et al.*,                          )<br>                                                      )<br>             Defendants.                  ) | Case No.: 2:15-cv-01297-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 5) filed by Defendants Montgomery County Office of Child Support Enforcement, Samir Malhotra, Christopher J. Kunz, Erin Harkleroad, Pamela Stromowsky, and Debbie Hinds (collectively, the "Maryland Defendants"). Also pending before the Court is the Motion to Dismiss (ECF No. 15) filed by Defendant Santa Clara County Department of Child Support Services ("SCC DCSS"), and the Motion to Dismiss (ECF No. 22) filed by Defendant Los Angeles County Department of Child Support Services ("LAC DCSS"). All the Motions have been fully briefed.[1]

## I.      BACKGROUND

This action arises out of the various entries of child support orders and the subsequent attempts by Maryland and California to enforce such orders. Plaintiff Guetatchew Fikrou alleges that a "temporary support order was entered 6/12/93, upon fraud of the court." (Compl. ¶ 26, ECF No. 1). Plaintiff further alleges a new support order that was entered by a Santa Clara County family court judge on January 24, 2003 (*Id.* ¶ 39). Subsequent to the entry of these support orders, Plaintiff alleges various attempts to enforce these orders, including wage

---

[1] The Court **GRANTS** Plaintiff's Motion to Extend Time (ECF No. 8).

garnishments, garnishments of Social Security benefits, garnishments of bank accounts, interception of tax returns, interception of foreclosure funds, and evictions. (*See id.* ¶¶ 30, 32, 37, 39, 41–43, 54).

Plaintiff filed the instant action alleging the following causes of action against Defendants: (1) Section 1983 violations; (2) Monell claims; (3) preliminary and permanent injunction; (4) false imprisonment; (5) wrongful foreclosure; (6) intentional infliction of emotional distress; (7) malicious prosecution; (8) negligent hiring, retention, and supervision; (9) prosecutorial misconduct; (10) violations of the Maryland constitution; (11) common law fraud and injurious falsehood; and (12) intentional interference with economic advantage. (*Id.* ¶¶ 56–113).

Shortly thereafter the instant Motions to Dismiss were filed, asserting, *inter alia*, that Plaintiff's Complaint should be dismissed in its entirety because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. (*See, e.g.*, Mot. Dismiss 4–9). Each of Plaintiff's Responses to the instant Motions to Dismiss failed to address the substantive arguments related to the *Rooker-Feldman* doctrine. Accordingly, because Plaintiff failed to respond properly to Defendants' Motions, these Motions could be summarily granted. *See* D. Nev. R. 7-2(d). However, the Court will consider the merits of Defendants' *Rooker-Feldman* arguments.

## II.     LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be construed in one of two ways. *Thornhill Publishing Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.* Or it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.* Unless subject matter jurisdiction is affirmatively pled,

the court will presume that it lacks subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

When a court considers a 'facial' attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

Unlike a 'facial' attack, a 'factual' attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987). The opposing party must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair*, 880 F.2d at 201.  When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publishing Co., Inc.*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)).

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction … where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine*, 704 F.2d at 1077).  In such cases, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077.

## III. **DISCUSSION**

What has become known as the *Rooker–Feldman* doctrine arises from two United States Supreme Court decisions defining federal district court jurisdiction and the relationship between federal district courts and state courts. Federal district courts possess "strictly original" jurisdiction, and thus have no power to exercise subject matter jurisdiction over a de facto appeal from a state court judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). Only the United States Supreme Court has jurisdiction to review such judgments. *Feldman*, 460 U.S. at 482. The *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

"The clearest case for dismissal based on the *Rooker–Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision ….' " *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). In addition to barring de facto appeals from state court judicial decisions, the *Rooker–Feldman* doctrine forbids federal district courts from deciding issues "inextricably intertwined" with an issue the state court resolved in its decision. *Noel*, 341 F.3d at 1158. But the "inextricably intertwined" test comes into play only when the federal lawsuit "is at least in part a forbidden de facto appeal of a state court judgment, and an issue in that federal suit is 'inextricably intertwined' with an issue resolved by the state court judicial decision from which the forbidden de facto appeal is taken." *Id.* at 1165. If a plaintiff's suit falls within the *Rooker–*

*Feldman* doctrine, then the district court must dismiss for lack of subject matter jurisdiction. *Kougasian*, 359 F.3d at 1139.

The Court finds that Plaintiff complains of injuries caused by state-court judgments rendered before this case was commenced. All of Plaintiff's claims are inextricably intertwined with state court decisions regarding child support and the enforcement thereof. Accordingly, the Court finds that Plaintiff's action is barred by the *Rooker-Feldman* doctrine and dismisses Plaintiff's Complaint with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 5) filed by the Maryland Defendants is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Extend Time (ECF No. 8) filed by Plaintiff Guetatchew Fikrou is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 15) filed by Defendant SCC DCSS is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 22) filed by Defendant LAC DCSS is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order (ECF No. 42) and Motion for Preliminary Injunction (ECF No. 43) filed by Plaintiff Guetatchew Fikrou are **DENIED as MOOT**.

Accordingly, the instant action is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this ___28_ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge