**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GUETATCHEW FIKROU, ) <br> ) <br>               Plaintiff, ) <br> vs. ) <br> ) <br> MONTGOMERY COUNTY OFFICE OF ) <br> CHILD SUPPORT ENFORCEMENT ) <br> DIVISION, *et al.*, ) <br> ) <br>              Defendants. ) | Case No.: 2:15-cv-01297-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Amend Complaint (ECF No. 55), Motion to Reconsider (ECF No. 56), and Motion to Reopen Case (ECF No. 57) filed by Plaintiff Guetatchew Fikrou ("Plaintiff"). Defendants E. Harkleroad, Debbie Hinds, Christopher J. Kunz, Los Angeles County California Child Support Enforcement Division, Samir Malhortra, Montgomery County Office of Child Support Enforcement Division, Santa Clara County California Child Support Enforcement Division, and Pamela Steromwsky (collectively, "Defendants") filed Responses to the instant motions (ECF Nos. 58–60), and Plaintiff filed Replies (ECF Nos. 61–63).

**I.**  **BACKGROUND**

This action arises out of the various entries of child support orders and the subsequent attempts by Maryland and California to enforce such orders. (Complaint, ECF No. 1). Plaintiff filed the instant action alleging the following causes of action against Defendants: (1) Section 1983 violations; (2) Monell claims; (3) preliminary and permanent injunction; (4) false imprisonment; (5) wrongful foreclosure; (6) intentional infliction of emotional distress; (7) malicious prosecution; (8) negligent hiring, retention, and supervision; (9) prosecutorial

misconduct; (10) violations of the Maryland constitution; (11) common law fraud and injurious falsehood; and (12) intentional interference with economic advantage. (*Id.* ¶¶ 56–113).

On October 28, 2015, the Court granted various motions to dismiss filed by Defendants, entered judgment in favor of Defendants, and closed the case. (ECF Nos. 53–54). Shortly thereafter, Plaintiff filed the instant motions.

## II.  LEGAL STANDARDS

### A. Motion to Reconsider

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). Thus, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*,

203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

### III. DISCUSSION

For the first time, Plaintiff raises a response to Defendants' arguments that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. (Mot. Reconsider 5:3–7:21, ECF No. 56). However, the Court has reviewed the prior Order and the arguments presented by Plaintiff in its motion and has not found any reason to overturn this Court's previous Order. The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order. Accordingly, Plaintiff's Motion to Reconsider and Motion to Reopen Case are DENIED.[1] Moreover, the Court finds that providing Plaintiff leave to amend his Complaint would be futile, and Plaintiff's Motion for Leave to Amend is DENIED.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Amend Complaint (ECF No. 55), Motion to Reconsider (ECF No. 56), and Motion to Reopen Case (ECF No. 57) filed by Plaintiff Guetatchew Fikrou are **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Request for Ruling (ECF No. 65) filed by Plaintiff Guetatchew Fikrou is **DENIED as moot**.

**DATED** this __6__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] The Court acknowledges that Plaintiff has filed similar claims against Defendants in other courts. (Exs. 2–3 to Mot. Dismiss, ECF Nos. 5-2–5-3; Ex. B to Request for Judicial Notice, ECF No. 16-2). Moreover, one of those courts in the Northern District of California declared Plaintiff a vexatious litigant. (Ex. A to Request for Judicial Notice at 18, ECF No. 16-1).